UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 06-60339 |
| | ) | |
| DELORES A. GRIFFITH, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | ADV. NO. 08-6005 |
| JOANNE PAULINO, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| DELORES A. GRIFFITH, | ) | **(NOT INTENDED FOR** |
| Defendant, | ) | **PUBLICATION)** |

Now before the Court is the Motion for Summary Judgment filed by Plaintiff Joanne Paulino, Chapter 7 trustee ("Trustee") with this court on April 30, 2008. Plaintiff filed the instant motion under Fed. R. Bankr. P. 7056, which incorporates Fed R. Civ. P. 56 into bankruptcy practice. Trustee initiated the instant adversary proceeding on January 23, 2008 seeking, under 11 U.S.C. § 727(c), (d), and (e), to revoke the discharge of Defendant Delores A. Griffith ("Griffith") for noncompliance with a prior court order. Defendant filed her answer on February 6, 2008. Plaintiff filed her motion for summary judgment on April 30, 2008, along with a supporting affidavit; she also filed a supporting exhibit on May 5, 2008. Defendant did not file a responsive pleading by the established deadline of May 14, 2008.

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(J). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND AND PROCEDURAL POSTURE

Defendant filed her voluntary petition under Chapter 7 on March 20, 2006. On August 28, 2006, Trustee filed a motion for turnover regarding a 2001 Honda Accord, which Trustee estimated contained nonexempt equity of $6775.00, which would be property of the estate

under 11 U.S.C. § 541(a)(1). Defendant responded on September 11, 2006. The Court held a hearing on that motion on September 25, 2006, and entered an order granting Trustee's motion on September 27, 2006. The order required Defendant to turn over to Trustee either the vehicle or the sum of $6775.00, representing the nonexempt equity therein.

The Court entered its order of discharge on October 12, 2006.

The case remained, and remains, open.

On January 23, 2008, Trustee filed the instant adversary proceeding, stating that she had still received neither vehicle nor money from Defendant.

## LEGAL ANALYSIS

### I. Standard of Review

Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56. That rule provides, in part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The evidence must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H.Kress & Co., 398 U.S. 144, 158-59 (1970). Summary judgment is not appropriate if a material dispute exists over the facts, "that is, if evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### II. Revocation of Discharge Under 11 U.S.C. § 727(c), (d), and (e)

The operative provision of the Bankruptcy Code under which Trustee seeks revocation of Defendant's discharge is 11 U.S.C. § 727(d)(2):

> On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if ...
> (2) the debtor acquired property that is property of the estate, or became entitled

to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee.

A trustee may make such a request under § 727(d)(2) until one year after the granting of the discharge or until the case is closed, whichever is later. 11 U.S.C. § 727(e)(2). The case has not yet been closed.

The Court finds that Trustee's complaint is well-founded. Debtor acquired property of the estate by keeping the vehicle that became property of the estate under 11 U.S.C. § 541(a) upon the filing of her petition. She also failed to deliver or surrender such property to the trustee, even under direct order by this Court. Nearly sixteen months passed between the entry of the order for turnover on September 27, 2006 and the filing of this adversary proceeding on January 23, 2008. Debtor has had more months since then to produce either the vehicle (which by now would have further depreciated in value) or the sum fixed in the Court's order. Trustee's complaint, motion, and affidavit successfully establish a *prima facie* case under 11 U.S.C. § 727(d)(2). Defendant has produced no evidence whatsoever to refute any of Trustee's.

Defendant's discharge will be revoked by a separate order entered concurrently with this opinion.

/s/ Russ Kendig
_____
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Joanne Paulino
401 Tuscarawas Street West
Suite 300
Canton, OH 44702

Edward S Asper
4733 Tuscarawas St W
Canton, OH 44708

Delores A Griffith
500 - 4th St SW Apt 8
Beach City, OH 44608